NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE LEE HOLLAND, JR.,**
*Petitioner.*

---

2013-158

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 09-CV-1481, Chief Judge Bruce E. Kasold.

---

**ON PETITION**

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

### O R D E R

Lee Holland, Jr. ("Holland") seeks a writ of mandamus directing the Department of Veterans Affairs (the "Department") to, among other things, award him a total disability rating.

This litigation began when Holland filed claims with the Department seeking a higher disability rating for his service-connected rheumatoid arthritis ("RA") of multiple joints or a total disability rating based on individual unemployability ("TDIU").

After the Board of Veterans' Appeals ("Board") denied his claims, Holland appealed to the United States Court of Appeals for Veterans Claims ("Veterans Court"). Before that court, Holland argued, in relevant part, that the Board should have recognized a number of diseases caused by his RA medication, including gastroesophigal reflux disease, diverticulitis, and eye problems.

On January 11, 2011, the Veterans Court affirmed the Board's decision. In doing so, the court noted that while "the record does not reflect that these [claims] were reasonably raised before the Board or otherwise reasonably raised by Mr. Holland," that "the Secretary has indicated that he has referred Mr. Holland's brief to the RO for processing."

The Veterans Court entered judgment on February 3, 2011. The court received Holland's notice of appeal on July 14, 2011, 161 days after the date of judgment. Because the appeal was untimely, we dismissed the appeal on January 13, 2012. *See Holland v. Shinseki*, 463 F. App'x 919 (Fed. Cir. 2012). Holland filed a motion for reconsideration that was denied on June 7, 2012. He now files this petition.

A party who seeks a writ bears the burden of proving that he has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Holland does not satisfy this test. Holland could have challenged the Veterans Court's decision, but failed to timely appeal from that ruling. In any event, because Holland can still obtain meaningful relief on the issues raised in his petition through the Department's claim processing procedures and the ordinary channels of appeal, mandamus would be inappropriate.

3                                                                    IN RE HOLLAND

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT

/s/  Daniel E. O'Toole
        Daniel E. O'Toole
        Clerk of Court

s26